L. M. POLLANDER AND C. PHILLIPS RUSSELL v. EDWIN J. HAMLIN, ROLAND GIDUZ, NEWS LEADER COMPANY, INC., AND THE NEWS, INC.

(Filed 4 June, 1958.)

**Pleadings § 19b—**

Demurrer for misjoinder of parties and causes is properly overruled when the complaint, properly construed, contains but one cause of action for the wrongful capture and control of defendant corporation by the individual defendants, and the allegations with respect to mismanagement and audit of the books do not state causes of action for which re-

lief is presently sought, but merely point to the necessity for court control of the corporation if the relief sought in the action is obtained.

APPEAL by defendants from *Williams, J.,* September-October 1957 Term of ORANGE.

Defendants appeal from an order overruling a demurrer predicated on the asserted misjoinder of parties and causes.

The complaint alleges plaintiffs and individual defendants agreed to form a corporation in which each would have an equal share. Pursuant to this agreement, defendant News Leader Company was incorporated in 1954. Russell was elected president, Pollander, vice president, Hamlin, treasurer, and Giduz, secretary. Thereafter Giduz and Hamlin conspired to seize control of the corporation. Pursuant to this conspiracy, they purported to call a meeting of the stockholders to adopt bylaws and elect directors. At the time fixed in the notice, the individual defendants and an agent of theirs claiming to represent The News, Inc., a corporation owned and controlled by Hamlin, held a meeting and, by a vote of three to two, elected directors and placed individual defendants in control. The News, Inc. is not a shareholder in News Leader Company, Inc. and had no right to vote or participate in a meeting of stockholders of News Leader Company, Inc. Defendants, by virtue of the control so wrongfully obtained, are using the corporation for their personal benefit, trading with themselves, and have brought News Leader Company, Inc. to an insolvent condition. They have refused the request for an audit of the company's books. Plaintiffs pray that the meeting at which defendants obtained control of News Leader Company, Inc. be declared void and that a receiver be appointed to take control of its assets with authority to audit its affairs and investigate the wrongs assertedly done it by its codefendants.

*William S. Stewart for plaintiff, appellees.*
*J. Q. LaGrand for defendant, appellants.*

PER CURIAM. We read the complaint to state but one cause of action: the wrongful capture and control of defendant News Leader Company, Inc. by the remaining defendants. The relief sought is to free it from that control and place it in the hands of the court (receivership) where its rights and obligations may be investigated and determined. The allegations with respect to mismanagement and audit of the books are not stated as causes for which relief is presently sought but merely to point to the necessity for court control when released from captivity.

Affirmed.